UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAURIE McCANN,

        Plaintiff,

v.

        Case Number 06-13150-BC
        Honorable Thomas L. Ludington

MIDLAND COUNTY EDUCATION
SERVICES AGENCY, CLARK VOLZ,
VICKI DUSO, and JEFFREY CLARK,

        Defendants.
                               /

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Presently before the Court is Plaintiff's motion for reconsideration [dkt. # 77]. Plaintiff requests the Court to reconsider its decision to deny Plaintiff's fifth motion in limine [dkt. # 54], which sought to exclude Defendants from introducing evidence that Plaintiff willfully withheld a document during discovery. Defendants filed a response to the motion for reconsideration upon request of the Court. *See* E.D. Mich. LR 7.1(g)(2). The Court concludes that oral argument will not aid in the disposition of the motions. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

Plaintiff filed the instant suit on July 11, 2006. Plaintiff filed the contested motion in limine on October 1, 2007 seeking to argument that Plaintiff withheld a correspondence authored by Plaintiff on November 3, 2005 to one Norm Lupton, a state auditor, that expressed Plaintiff's belief that Defendants were dispersing federal grants in violation of law. Defendants filed their response to the motion in limine on October 10, 2007. Defendants contended that they initially inquired about correspondences of its kind in September of 2006. Defendants further contended that it requested

"any and all copies of notes, correspondence, contacts, memorializations relative to any contact that was made with a Federal or State auditor regarding compliance with Federal and State rules and regulations." Dkt. # 60 at 2-3. Plaintiff responded by objecting that such communications were protected by attorney work-product privilege.

Plaintiff filed her reply brief on October 18, 2007. On October 29, 2007, the Court held a hearing and allowed Plaintiff's counsel considerable time to address each of Plaintiff's motions, including Plaintiff's fifth motion in limine. Indeed, the Court allowed Plaintiff most of the time scheduled for the hearing, such that Defendant did not have an opportunity to argue in support of their motion in limine. See Court's November 8, 2007 Order at 4.

On November 8, 2007, the Court denied the fifth motion in limine, and stated:

> Plaintiff's fifth motion in limine seeks to exclude any evidence or argument that Plaintiff intentionally delayed turning over a relevant piece of discovery to Defendants. Plaintiff turned over her fall of 2005 correspondence to Norm Lupton in May of 2007, despite previous requests through interrogatories and document production. Again, Plaintiff relies on Fed. R. Evid. 403, contending that admission of evidence would be prejudicial. The Court finds that the delay might be relevant to the Plaintiff's veracity and that subject would not be unduly prejudicial.

*Id.* at 3.

Plaintiff contends that the Court should have granted the motion in limine and excluded Plaintiff's delayed production of her November of 2005 correspondence to Norm Lupton from evidence. Plaintiffs assert that it did not produce the correspondence[1] because it had objected on the basis of attorney work-product privilege and that the delay in producing the document resulted from the fact that the Defendant never sought a ruling from the Court.

---

[1] The content of the letter recounts the events, from Plaintiff's perspective, leading up to the eventual termination of her employment. The fact that it was sent to an outside auditor indicates that it is "reasonably calculated to lead to the discovery of admissible evidence." See FED. R. CIV. P. 26(b)(1).

Defendants contend that the Court should deny the motion for consideration because Plaintiff did not identify a "palpable error" in the Court's decision or any newly discovered facts or evidence. Moreover, Defendants contend that Plaintiff's work-product objection is without merit as Plaintiff, the apparent author and signatory, and not counsel, mailed the letter to a third party.

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). The Local Rules provide that any "motion for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

Plaintiff has not demonstrated a palpable defect. First, Plaintiff's motion does not offer an explanation for the delayed production that indicates that the Court's ruling was manifestly incorrect. Plaintiff contends that a letter signed by Plaintiff, herself, and mailed to a third party was protected by the attorney-product privilege or that the letter was attorney "work-product." As Defendants contended in their response, they would have no reasonable indication that the correspondence existed because of the nature of Plaintiff's objection. Moreover, to the Court's understanding, a privilege log was neither developed or maintained. Second, Plaintiff relies on surrounding facts that were available at the time that the original motion was filed and at the hearing. Plaintiff did not raise these arguments in her reply or at the hearing, despite the opportunity to do so.

Finally, Plaintiff's counsel did not seek concurrence of its motion for reconsideration. Pursuant to the local rules, "[t]he movant *must* ascertain whether the contemplated motion . . . will be opposed." E.D. Mich. LR 7.1(a)(1) (emphasis added). "If concurrence is not obtained, the motion or request *must* state" that counsel was unable to obtain concurrence or "despite reasonable efforts" the parties were unable to conduct a conference. E.D. Mich. LR 7.1(a)(2)(A-B) (emphasis added). Plaintiff's counsel stated that he did not request concurrence because he did not reasonably expect Defendants to concur. Though the Court will not deny the motion on this basis alone, the parties are instructed to review the local rules for the Eastern District of Michigan prior to submitting future motions.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration [dkt. # 77] is **DENIED**.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: December 14, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 14, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS