```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         NORTHERN DIVISION


LAURIE McCANN,

      Plaintiff,

v                                   Case No.  06-13150

MIDLAND COUNTY EDUCATIONAL         HON.  THOMAS L. LUDINGTON
SERVICE AGENCY,

      Defendant.
_____/

MICHAEL J. FORSTER (P25048)
Attorney for Plaintiff
602 Hancock
Saginaw, Michigan 48602
Phone: (989) 790-5917

DAVID A. WALLACE (P24190)
Attorney for Defendant
300 St. Andrews Road
P.O. Box 166
Saginaw, Michigan 48605
Phone: (989) 790-0960
_____
```

                  MOTION FOR AWARD OF COSTS AND FEES

Plaintiff, by counsel, petitions this Honorable Court to award costs, including reasonable attorney fees, for the following reasons:

1.   Plaintiff has attached to this motion listings of attorney services provided by Michael J. Forster and Robert J. Krupka (Exhibit 1) as a result of their representation of Plaintiff in this cause of action.

2.   Michael J. Forster, by his signature upon this motion, states that the hours indicated on his listing of attorney

services were actually spent in providing legal services to Plaintiff as a result of her suspension and termination of employment by the Defendant.  Said counsel also represents that, upon information and belief, the hours indicated on the listing provided by Robert J. Krupka were actually spent in the preparation and/or litigation of this suit.

   3.  Michael J. Forster is a 1974 graduate of the University of Michigan Law School and has engaged in trial litigation since 1975.  Robert J. Krupka is a graduate of Detroit College Of Law and has engaged in civil rights litigation since approximately 1965.  Robert J. Krupka has also served as a field attorney and hearing officer for Region VII of the National Labor Relations Board and as Corporate Director Of Industrial Relations For Wickes Corporation.  In the latter role, Mr. Krupka also served as the corporation's labor counsel.

   4.  Both said counsel have been active in civil litigation since at least 1980 and have frequently engaged in civil rights litigation.  For example, besides representing and/or advising numerous persons regarding their civil rights, Michael J. Forster has been involved in four appeals of civil rights cases to the U.S. Sixth Circuit Court Of Appeals.  Three cases resulted in decisions favorable to Plaintiff's counsel.

   5.  Plaintiff has attached the Affidavit of Tom P. Pabst (Exhibit 2) in support of this request for attorney fees which incorporates a recommendation of an hourly rate to attorney

services of $250.00 to $300.00 per hour.

    6.   By the time of the hearing on this Motion, it is expected that Plaintiffs' counsel will have expended not less than 900 hours of their time on behalf of the Plaintiff and will likely expend additional time before an order is entered with respect to this Motion. The value of Plaintiffs' counsels' services, based upon their hours of time and the above indicated hourly rate(s), results in a fee not less than $225,000.00 to $275,000.00 through May 1, 2008.

    7.   Also attached is a copy of the Statement Of Account (Exhibit 3) maintained by the Law Offices Of Frank and Forster, P.C. with respect to this litigation. In addition to the costs reflected thereon, Robert J. Krupka incurred costs of $24.00. The actual costs incurred by Plaintiff in pursuing this litigation totals $6,665.86 through May 5, 2008.

    8.   Plaintiff sought concurrence in the relief requested herein by forwarding a copy of a preliminary draft of this Motion to the Defendant's counsel on May 5, 2008. As of the filing of this Motion, concurrence has not been received.

    WHEREFORE, Plaintiff prays this Honorable Court to enter an award of costs, including reasonable attorney fees, in favor of Plaintiff as follows:

    (A) Costs in the amount of $6,665.86;

    (B) Attorney fees as permitted under the Whistleblowers Protection Act of $250,000.00 or more.

Dated:  5/14/08              BY: s/Michael J. Forster
                                 MICHAEL J. FORSTER (P25048)
                                 Attorney for Plaintiff
                                 602 Hancock
                                 Saginaw, Michigan 48602
                                 Phone:  (989) 790-5917
                                 frankandforster@sbcglobal.net


CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2008 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: DAVID A. WALLACE (P24149)


Dated:  5/14/08              BY: s/Michael J. Forster
                                 MICHAEL J. FORSTER (P25048)
                                 Attorney for Plaintiff
                                 602 Hancock
                                 Saginaw, Michigan 48602
                                 Phone:  (989) 790-5917
                                 frankandforster@sbcglobal.net

```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                   NORTHERN DIVISION
```

LAURIE McCANN,

    Plaintiff,

v                                        Case No.  06-13150

MIDLAND COUNTY EDUCATIONAL      HON.  THOMAS L. LUDINGTON
SERVICE AGENCY,

    Defendant.
_____/

MICHAEL J. FORSTER (P25048)
Attorney for Plaintiff
602 Hancock
Saginaw, Michigan 48602
Phone: (989) 790-5917

DAVID A. WALLACE (P24190)
Attorney for Defendant
300 St. Andrews Road
P.O. Box 166
Saginaw, Michigan 48605
Phone: (989) 790-0960
_____

## BRIEF IN SUPPORT OF
## MOTION FOR AWARD OF COSTS AND FEES

FACTS

    Following her report of suspected misuse of federal funds and her refusal to sign certain financial reports, Plaintiff was placed on administrative leave.  Ten days later, the Defendant's superintendent issued his letter of September 26, 2005 (Plaintiff's Exhibit 5) wherein he criticized Plaintiff in the strongest terms regarding multiple aspects of her employment;

however, the letter was devoid of specific information as to the particular conduct by which Plaintiff was allegedly "defiant", "unprofessional", "insubordinate", etc.

As a result, Plaintiff was compelled to retain counsel to oppose the Defendant's retaliation.  Unsuccessful in her due process efforts, Plaintiff filed suit.  The Defendant filed a formalistic Answer.  As a result, Plaintiff's counsel had to undertake extensive discovery in order to obtain pertinent documents and to obtain information from multiple witnesses regarding the purported reasons for Plaintiff's termination.  Plaintiff's counsel also had to discover information about a complex financial information system, federal grant programs and an investigation authorized by the Defendant regarding certain issues related to the parties' dispute.

Following discovery and despite ample evidence to support her claims, Plaintiff then had to respond to multiple motions filed by the Defendant as well as file motions on her own behalf in order to have matters settled before trial.

The Defendant vigorously opposed Plaintiff's claims such that extensive time was required to file and respond to motions, review evidence, research the law, analyze and select pertinent documents for introduction as exhibits and interview and prepare questions for pertinent witnesses for trial.  At trial, the Defendant opposed nearly every fact/conclusion by the Plaintiff.

For example, Finance Director Duso admitted that the alleged "breach of security" emanated from an alleged "discussion" that had occurred at the inception of the financial information system several years prior to Plaintiff's suspension and that she could not recollect "the exact context of our discussion, the exact limits that we discussed putting on certain levels of security access" because it was "too long ago." Nonetheless, when Ms. Duso was asked to acknowledge that the superintendent's claim that Plaintiff had breached security and failed to follow a directive was either false or grossly misleading, Duso refused to agree.

The Court is otherwise well aware of the Defendant's intransigence on issues of liability, procedure and damages.

ARGUMENT

MCL 15.364 states in pertinent part:

> "A court in rendering a judgment in an action brought pursuant to this act, shall order, as the court considers appropriate, . . .. A court may also award the complainant all or a portion of the cost of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate."

In O'Neill v Home IV Care, Inc., 249 Mich. App. 606, 614 (2002), the WPA was recognized as a remedial statute that must be liberally construed to favor the persons the Legislature intended to benefit and that it was enacted to remove barriers to an

3

employee who seeks to report violations of the law, thereby protecting the integrity of the law and the public at large. The O'Neill court recognized the WPA attorney fee provision as comparable to the provision in the Elliott Larsen Civil Rights Act which encourages persons who have been deprived of their civil rights to seek legal redress. The Court concluded that the purpose of the WPA must similarly be considered in making a determination regarding the award of attorney fees and costs under MCL 15.364. Prevailing plaintiffs should recover fees as a matter of course unless special circumstances make an award unjust. Albemarie Payer Co. v Moody, 422 US 405, 415 (1975).

In the instant case, the jury found that Plaintiff had engaged in protected activity by reporting the misuse of federal special education funds. Given the jury's determination and the purpose of the WPA, the Court should award Plaintiff her costs, including reasonable attorney fees.

Wood v DAIIE, 413 Mich. 573, 578 (1982) sets forth the factors which a trial court may utilize in determining the amount of fees. Those factors are:

   (1) The professional standing and experience of the attorney;

   (2) The skill, time and labor involved;

   (3) The amount in question and the results achieved;

   (4) The difficulty of the case;

    (5) The expenses incurred; and

    (6) The nature and length of the professional relationship with the client.

The facts pertaining to the above factors compel compensation to Plaintiff's attorneys at the highest market rates.

    The Plaintiff's counsel are both well experienced and enjoy favorable professional standing. (See Affidavit of Tom B. Pabst, attached to Motion For Award Of Costs). To discover information pertinent to the alleged reasons for Plaintiff's termination as well as present the facts in support of Plaintiff's claims while showing the alleged reasons for termination to be pretext required exceptional skill, time and labor. The amount in question was substantial and the jury clearly determined that Plaintiff was entitled to her entire economic loss as well as significant compensation for her non-economic damages. The case was difficult not only because of its substantive and temporal scope but because of the vigorousness of the opposition to Plaintiff's claims. The expenses incurred were also substantial. The professional relationship between Plaintiff and one of Plaintiff's attorneys commenced almost immediately after Plaintiff's suspension. The hourly rate proposed for approval by the court is supported by the prior practice of this and other courts as reflected within the Affidavit of Tom B. Pabst.

Based upon the time expended, Plaintiff should be awarded costs in the amount of $6,665.86 and attorney fees in the amount of not less than $250,000.00.

Dated:  5/14/08           BY: s/Michael J. Forster
                              MICHAEL J. FORSTER (P25048)
                              Attorney for Plaintiff
                              602 Hancock
                              Saginaw, Michigan 48602
                              Phone:  (989) 790-5917
                              frankandforster@sbcglobal.net

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2008 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: DAVID A. WALLACE (P24149)

Dated:  5/14/08           BY: s/Michael J. Forster
                              MICHAEL J. FORSTER (P25048)
                              Attorney for Plaintiff
                              602 Hancock
                              Saginaw, Michigan 48602
                              Phone:  (989) 790-5917
                              frankandforster@sbcglobal.net