## AFFIDAVIT OF TOM R. PABST

Tom R. Pabst, being first duly sworn, deposes and says as follows:

1. That I am a practicing attorney in Genesee and Saginaw Counties, Michigan, with 31 years of experience.

2. That I am a former president of the Flint Trial Lawyers Association and a former executive board member of the Michigan Trial Lawyers, now known as the Michigan Association of Justice. I was also president of the Genesee County Bar Association in 1994-1995, and chairperson of its CLE committee for three of the previous five years, where I initiated and/or conducted legal education seminars which actually discussed the topic of compensation for attorneys.

3. That I have extensive experience in litigating both personal injury and civil rights matters, and was named a Michigan Super Lawyer for 2007, and I am again nominated as a Michigan Super Lawyer for the year 2008. In fact, in 1997, I and John vanBenschoten co-tried the case of *Haskins v. Gerace Construction Company* in your Court, a nine-day jury trial which resulted in the verdict approximating $2.1 million, which was settled on appeal.

4. That I have personal knowledge regarding the legal acumen and expertise of Michael Forster, as I have discussed legal matters with him, from time to time, and specifically know what he did in this particular case.

5. That in my opinion, the caliber of Mr. Forster's work product is at the high end of expertise of attorneys who practice in Saginaw County and the State of Michigan.

6. Due to the nature of my practice, I keep abreast of attorney fee awards that have been rendered around the state in civil rights litigation and it is not uncommon for attorneys to be awarded $250.00 per hour in these types of cases.

7. That I personally --

   (a) in 2004, was awarded $285.00 per hour by Judge Yuille in the case of *Fillmore v. Citizens Bank*, where I obtained a $750,000.00 verdict against Citizens Bank for a whistleblower;

   (b) in 2006, was awarded $285.00 per hour by Judge Fullerton in what has become known as the "*Sewer Case*", which I won for an amount now totaling $1.5 million+, which is pending application for leave to appeal in the Supreme Court;

   (c) in 2006, was awarded $285.00 per hour by Judge Neithercut in the case of *Donald Miller v. Auto Zone*, a race discrimination case; and

Exhibit 2

  (d) in 2006, <u>would</u> have been awarded an hourly rate in excess of $300.00 per hour by Federal Judge Denise Page Hood, as the Defense Attorney stipulated to the hourly rate, but the case settled for $725,000.00 before Judge Denise Page Hood actually ruled on the matter.

See Affidavit of Glen Lenhoff attached hereto as exhibit 1 and by this reference incorporated herein.

  8. That based upon Mr. Forster's legal experience and the caliber of his work I believe that he should be compensated at a rate per hour somewhere between $250.00-$300.00 per hour.

  9. That our Supreme Court has held that "prevailing plaintiffs" should recover fees as a matter of course unless special circumstances make an award unjust. *Albemarie Paper Co. v. Moody*, 422 US 405, 415 (1975).

  10. That it is true, that the total number of hours spent by Mr. Forster on this particular legal matter is more than one would normally expect in a case such as this. However, I know from personal experience that Defense Counsel in this case <u>always</u> "vigorously and tenaciously" defends cases, more so than your average defense attorney. While there is nothing wrong with this, our Supreme Court in the case of *City of Riverside V. Rivera*, 477 U.S. 591 (1986) stated that:

> "The...(defense)...cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) (en blanc)."

See *City of Riverside, supra*, at p. 563.

  11. That our Supreme Court, in the *Riverside case, supra*, also flatly denied the proposition that fee awards should necessarily be "proportionate" to the amount of damages the jury awards the plaintiffs given that the vindication of important public rights, as Mr. Forster accomplished in this case, warrants his being paid whatever reasonable attorney fees he incurred *regardless* of the amount of money the plaintiffs received from the jury. In fact, in the *Riverside case*, the jury awarded the prevailing party plaintiffs $33,350.00 in compensatory and punitive damages, whereas the Court awarded the plaintiffs' attorneys $245,456.25 in attorney fees. Our Supreme Court approved this.

2

12. That I have personal knowledge regarding the above and if sworn as a witness I could testify to these facts competently under oath.

*[signature]*
TOM R. PABST

Subscribed and sworn to before me this 9th day of May, A.D., 2005.

*[signature]*
LAURA L. HUGHEY, Notary Public
Genesee County, Michigan
My Commission Expires: 3/7/14

3

May 09 08 11:35a    Tom R. Pabst, P.C.    810-732-8430    p.6
Case 1:06-cv-13150-TLL-CEB    Document 134-4    Filed 05/14/2008    Page 4 of 5

Exhibit 1

## AFFIDAVIT OF GLEN N. LENHOFF

I, Glen N. Lenhoff, being first duly sworn, depose and state as follows.

1. I began my law career as a Federal Court Law Clerk to then United States District Court for the Eastern District of Michigan Judge Stewart A. Newblatt. Judge Newblatt's Court was located in Flint, Michigan – the place where Judge Paul Gadola now sits. I was a Federal Court Law Clerk for three years, and that is where I first met Tom R. Pabst.

2. Following my Clerkship, I have practiced virtually exclusively in the area of civil rights law. I have written articles for professional publications, and I have been asked to speak at seminars for professional organizations such as the American Bar Association and the Michigan Trial Lawyers Association. In the year 2002, I was named as one of the ten <u>Michigan Lawyers Weekly Lawyers</u> of the Year.

3. I have observed closely the law career of Tom R. Pabst. Tom is a personal friend, and his office is located in Genesee County – the county where my law office is located.

4. I am aware of the hourly rates charged by employment law practitioners of the first rank in the State of Michigan. I have obtained this knowledge through discussions with top-ranked practitioners such as Kathleen Bogas and Michael Pitt.

5. I believe Tom R. Pabst is in the first rank of employment law practitioners in the State of Michigan. I have referred employment law cases to Tom Pabst in the past, and I am sure that I will do so in the future.

6. Because I rank Tom R. Pabst in the top echelon of civil rights attorneys in Michigan, I believe that he should receive a commensurate hourly fee in cases in which

1

he is entitled to a statutory attorney fee. I believe Mr. Pabst's hourly rate should be, at the low end, $300.00 per hour. I believe Mr. Pabst's hourly rate at the high end should be $400.00 per hour. I thus certainly believe that a reasonable hourly rate for Mr. Pabst in a civil rights case is $350.00 per hour.

7. Again, I base my opinion on: (1) my knowledge of the hourly rates of the top civil rights attorneys in Michigan; and (2) my firm belief that the achievements of Tom R. Pabst place him within the top rank of civil rights attorneys in the State of Michigan.

8. The statements I have made in this Affidavit are based on personal knowledge and belief. I would testify to the truth of these statements in Open Court if called upon to do so.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Dated: 5/7/07

GLEN N. LENHOFF

Sworn and Subscribed to before me on this 7th day of May, 2007.

JENNIFER ANGER, Notary Public
Commissioned and Acting in Genesee County, MI
My Commission Expires: 9/23/2011

2